IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERWOOD DIVISION

| | | |
|---|---|---|
| R A Guthrie Company, Inc.<br>1150 Hidden Ranch Road<br>Kalispell, MT  59901 | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 4:18-cv-00080 |
| Sukhminder Boparai<br>670 Estates Drive<br>Copper Canyon, TX  75077 | : : : : : | Jury Demand |
| and | : : | |
| Patch Magic LLC<br>c/o EastBiz.com, Inc.<br>Registered Agent<br>5348 Vegas Drive<br>Las Vegas, Nevada 89108 | : : : : : | |
| Defendants. | : | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**WITH DEMAND FOR JURY TRIAL / INJUNCTIVE RELIEF SOUGHT**

For Plaintiff R A Guthrie Company, Inc.'s, Complaint for Copyright Infringement, against Mr. Sukhminder Boparai, and Patch Magic LLC, (hereinafter "Defendants"), the Plaintiff states as follows:

1.    All of the allegations and other factual contentions herein made are based upon information and belief, after an inquiry reasonable under the circumstances, and as they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, as follows:

1

2. This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. Sections 101 et seq., as amended).

### I. Jurisdiction

3. This Court has jurisdiction over the subject matter and the parties, under the Copyright Act of 1976 (17 U.S.C. Sections 101 et seq.), and pursuant to 28 U.S.C. Sections 1331, and 1338.

4. This Court has *in personam* jurisdiction over Defendant, Patch Magic LLC. Defendant, Patch Magic LLC, has substantial, continuous, and systematic contacts in the State of Texas and operates out of offices in the State of Texas such that its de facto home is in the State of Texas. Additionally, this court has *in personam* jurisdiction over Defendant, Patch Magic LLC, under Texas' long-arm statute, Tex. Civ. Prac. & Rem. Code §§ 17.041 and. 17.042 (1)-(2). Defendant Patch Magic LLC, does business in the State of Texas, and has committed a tort, in whole or in part, in the State of Texas. Defendant Patch Magic LLC, has purposefully directed its activities towards Texas, and has purposely availed itself of the benefits and protections of the forum, by engaging in business within the state and by engaging in sales in the forum. Specifically, the facts, as hereinafter alleged, that form the basis of this Complaint, occurred in material part within the State of Texas in this judicial district.  This cause of action arises out of acts and events that occurred in material part in the State of Texas, and within this judicial district.

5. This Court has *in personam* jurisdiction over Defendant Boparai. Defendant Boparai is a citizen of, and resident of, the State of Texas.

## II.  Venue

6. Venue is based on 28 U.S.C. Section 1391 and Section 1400(a). Defendant Boparai is a domiciliary of the State of Texas and of this judicial district. Defendant Patch Magic LLC is subject to the jurisdiction of the Court and has committed a substantial part of the acts herein complained of through Defendant Boparai, its agent, and through whom it conducts and transacts business in Denton County, Texas.

## III.  Facts

7. R A Guthrie Company, Inc., (hereinafter "Plaintiff") is a corporation organized in the State of Montana.

8. Plaintiff is in the business of producing, and or contracting for the production of, metallic and other reproductions of artwork created by the author Richard Guthrie.  Richard Guthrie is famous in the United States for, among other genres, western themed artwork.

9. Richard Guthrie is the author of two original two-dimensional art works, namely "Steel Ponies WA 775SC" and "Law and Order" (hereinafter referred to as "Plaintiff's Works"). Plaintiff's Works have been published in compliance with copyright laws of the United States and all authorized versions of Plaintiff's Works have been published with notice of copyright.

10. Plaintiff's Works are comprised of copyrightable subject matter, and have been registered for copyright. A valid copyright is subsisting in Plaintiff's work and certificates of copyright registration were issued by the Copyright Office of the United States, including Certificate of Registration VAu 637-266, titled "Steel Ponies WA 775SC," bearing an effective date of registration of 30 August 2004 (Exhibit A), and under Certificate of Registration VAu 558-342, titled "Law and Order," bearing an effective date of registration of 25 September 2002

(Exhibit B).  The registrations are both issued many years before the commencement of the herein complained of conduct.

11. Plaintiff is the owner of the copyrights in Plaintiff's Works by reason of a written assignment executed in 2017 by Richard Guthrie, as assignor, to Plaintiff as assignee. Plaintiff is also the owner by assignment of all accrued and un-accrued claims, actions, causes of action, and choses in action that may pertain to or arise in connection with the work prior to and after the assignment.

12.   Defendant Boparai is an individual, and a citizen of the State of Texas, where he resides and is domiciled.  Defendant Boparai is a manager of Defendant Patch Magic LLC.

13.   Defendant Patch Magic LLC is a Limited Liability Company, organized in the State of Nevada, transacting business in and out of the State of Texas.  Defendant Patch Magic LLC is in the business of selling a wide variety of home goods, including but not limited to home décor and bedding products, and engages in this business in the State of Texas through the website, http://www.patchmagic.com, and elsewhere, through the services of Defendant Boparai that are conducted within the State of Texas.

14.   Plaintiff's Works have been widely published, and Defendants directly, or through their employee(s) or agent(s), had access to Plaintiff's Works.

15.   Defendants copied Plaintiff's Works and distributed and sold copies thereof under the Defendants' "Shadow Riders" title on Defendants' website, and elsewhere, including, without limitation, the following merchandise:

      a)  Shadow Riders Black Toss Pillow (Exhibit C)

      b)  Shadow Riders Sheet Set Crib  (Exhibit D)

      c)  Shadow Riders King Sham (Exhibit E)

      d) Shadow Riders Diaper Stacker (Exhibit F)

      e) Shadow Riders Crib Toss Pillow (Exhibit G)

      f) Shadow Riders Bed in a Bag King, Queen/Full, Twin (Exhibit H)

      g) Shadow Riders Extended Bed in a Bag King, Queen/Full, Twin (Exhibit I)

      h) Shadow Riders Quilt King, Queen/Full, Twin (Exhibit J)

      i) Shadow Riders Duvet Cover King, Queen, Twin (Exhibit K)

      j) Shadow Riders Pillow Sham (Exhibit L)

      k) Shadow Riders Quilt Luxury King (Exhibit M)

      l) Shadow Riders Bed Linen Set King, Queen, Twin (Exhibit N)

      m) Shadow Riders Crib Quilt (Exhibit O)

      n) Shadow Riders Shower Curtin (Exhibit P)

      o) Shadow Riders Toss Pillow (Exhibit Q)

      p) Shadow Riders Throw (Exhibit R)

      q) Shadow Riders Valance (Exhibit S)

      r) Shadow Riders Long Table Runner (Exhibit T)

      s) Shadow Riders Short Table Runner (Exhibit U)

      t) Shadow Riders Extra Small Runner (Exhibit V)

Exhibits C-V are hereinafter referred to as "Defendants' Products." The sales of Defendants' Products were conducted in whole or in part in this judicial district.

    16. The URL for the Defendant's website that is used to sell Defendants' Products is http://www.patchmagic.com. The URL was registered with Network Solutions, LCC on or about January 21, 1997, and was updated on or about July 15, 2010. The Defendants, alone and or in concert with each other, knowingly provided or knowingly caused to be provided materially

false contact information to a domain name registrar, domain name registry, or other domain name registration authority in registering, maintaining, or renewing the domain name used in connection with the infringement. Specifically, the Defendants have maintained the website registration under the name of a defunct corporation, Patch Magic Group, Inc.

17. Defendant Boparai had a right to control, did actually control, and financially benefitted from Defendant Patch Magic LLC's infringement of Plaintiff's Works and the sale of the Defendants' Products. Defendant Boparai knowingly, and materially, participated in the infringement of Plaintiff's copyrights.

18. Defendants' Products bear work that is strikingly similar to, and substantially similar to, Plaintiff's Works, and the Defendants' Products are copied from Plaintiff's Works.

19. Plaintiff has not authorized the copying of Plaintiff's Works, or the designs within Plaintiff's Works, or the distribution of any unauthorized copies of Plaintiff's Works by Defendant in any format, or in the form of the herein complained of Defendants' Products or otherwise.

20. Defendants were given notice by Plaintiff of Plaintiff's copyright ownership of Plaintiff's Works titled "Steel Ponies WA 775SC" and "Law and Order" before, and not later than, August 31, 2015. Plaintiff provided a second notice to Defendants of Plaintiff's copyright ownership of Plaintiff's Works titled "Steel Ponies WA 775SC" and "Law and Order" on September 28, 2015, in addition to other notices.

21. Defendants have continued to sell Defendants' Products after receiving notice of the copyright in Plaintiff's Works and continue to sell Defendants' Products to the date of the filing of this Complaint, through the Defendants' website and through third party websites.

22. The Defendants' publication, display, distribution and or sale of the Defendants' Products, has infringed and, if not terminated, continues to infringe upon Plaintiff's copyrights in Plaintiff's Works.

23. The Defendants knew or should have known that the Plaintiff's permission was required to make and distribute copies of Plaintiff's Works, and the designs comprising Plaintiff's Works.

24. Defendants willfully, intentionally, wantonly, and or recklessly have disregarded rights Defendants knew or reasonably should have known were claimed in Plaintiff's Works, when causing the creation of, and or when distributing Defendants' Products.

25. Defendants' infringement of Plaintiff's copyrights has directly and proximately caused Plaintiff monetary damages, in an amount thus far not determined, and subject to proof at trial.

26. Plaintiff has lost profits as a result of Defendants' infringement, in an amount thus far not determined, and subject to proof at trial.

27. Defendants have realized profits from the sale of the Defendants' Products in an amount unknown and subject to proof at trial.

### IV. Cause of Action: Copyright Infringement

28. Paragraphs 1 through 27 above are incorporated herein.

29. Defendants' distribution and sale of Defendants' Products bearing Plaintiff's Works without Plaintiff's authorization constitutes copyright infringement and violates Plaintiff's exclusive rights under Title 17 of the United States Code, Section 106, to make and authorize the making of copies and derivative versions of Plaintiff's Works, and Plaintiff's exclusive rights to distribute and display copies and derivations of Plaintiff's Works.

**V. Prayer For Relief**

WHEREFORE, Plaintiff requests judgment for Plaintiff and against Defendants, jointly and severally, as follows:

1. That, pursuant to Title 17 U.S.C., Defendants, their agents, servants and or employees, and all parties in privity with them be enjoined permanently from infringing on Plaintiff's registered copyrights, in any manner, including, but not limited to, the copying, manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising any copies of Plaintiff's Works or by causing and/or participating in such manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising by others.

2. That, pursuant to Title 17 U.S.C., Defendants be required to deliver up for destruction all merchandise, brochures, literature, advertising materials and other items incorporating or bearing a representation of any image that directly or indirectly use matter created by Plaintiff or which copy Plaintiff's Works.

3. That Defendants be required to pay to Plaintiff such actual damages, pursuant to Title 17, as Plaintiff may have sustained in consequence of their infringements and all profits derived from and attributable to their infringements of Plaintiff's copyrights, including without limitation license fees, and the value of injury to Plaintiff's copyrights. Plaintiff requests Defendants account for all gains, profits, sales, advantages, and enhanced goodwill and market recognition derived by them from their infringement of Plaintiff's Works since the date of the first act of infringement.

4. That Defendants be required to pay an award of statutory damages in a sum to be determined at trial for any infringement(s) of Title 17 U.S.C. Section 106, found to have

occurred after registration of Plaintiff's Works that did not commence prior to the registration of Plaintiff's Works, to the extent that same may be permitted by law, and should these statutory remedies be elected and be applicable.

5. That, pursuant to 17 U.S.C. Section 504, Defendants be required to pay an award of increased statutory damages in a sum of not less than $30,000 per infringement nor more than $150,000 per infringement for willful infringement and for any infringement(s) found to have occurred after registration of Plaintiff's Works that did not commence prior to the registration of Plaintiff's Works, to the extent that same may be permitted by law, and should these statutory remedies be elected and be applicable.

6. That, pursuant to 17 U.S.C. Section 505, Defendants be required to pay reasonable attorneys' fees to Plaintiff's attorneys for Defendants' violation of Title 17 U.S.C. 101 et seq., as amended.

7. That, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Defendants be required to pay Plaintiff's full costs in this action.

8. That the Court grant pre- and post-judgment interest, and delay damages.

9. That Plaintiff have such other and further relief as the Court may deem just and appropriate in the circumstances.

    Respectfully Submitted,

    /s/James Lorin Silverberg
    James Lorin Silverberg, Lead Counsel
    The Intellectual Property Group, P.C.
    1050 30th Street NW
    Washington, DC 20007
    Telephone: 202-466-2787
    Facsimile: 443-450-3247
    Email: jls@ipg.law
    Bar# Pro Hac Vice
    Bar # DC 349605 NY 4003083

/s/Alicia Wagner Calzada
Alicia Wagner Calzada,
Alicia Wagner Calzada, PLLC
Texas State Bar No. 24076296
221 W. Poplar St.
San Antonio, TX 78212
Telephone: (210) 825-1449
Facsimile: 443-450-3247
Alicia@calzadalegal.com

/s/Briana Ruth Polan

Briana Ruth Polan,
The Intellectual Property Group, P.C.
200 Park Avenue, Suite 1700
New York, NY 10166
Telephone: 877-474-4297
Facsimile:  443-450-3247
brp@ipg.law
Bar # Pro Hac Vice
NY Bar # 5489125

## VERIFICATION

I Marty Guthrie, an authorized representative of R A Guthrie Company, Inc., hereby certify that the factual allegations in the foregoing Complaint are true to the best of my information, knowledge, and belief.

_____/s/ Marty Guthrie_____
Marty Guthrie, Authorized Representative

PLAINTIFF'S DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable of right by jury, including the issues of statutory and other damages.

Respectfully Submitted,

/s/James Lorin Silverberg

James Lorin Silverberg, Lead Attorney
The Intellectual Property Group, P.C.
1050 30th Street NW
Washington, DC  20007
Telephone: 202-466-2787
Facsimile: 443-450-3247
Email:  jls@ipg.law
Bar# Pro Hac Vice
Bar # for DC 349605 for NY 4003083
